UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                            2:00-cr-52-FtM-29DNF

BRUTUS NED
_____

**OPINION AND ORDER**

     This matter comes before the Court on a limited remand from the Eleventh Circuit Court of Appeals to make a factual determination of excusable neglect or good cause regarding defendant's untimely Notice of Appeal (Doc. #119). (See Doc. #121.) After an initial review, the Court entered an Order (Doc. #122) directing defendant to file an Affidavit and/or supporting documents demonstrating excusable neglect or good cause. No response or supporting documentation has been filed and the time to do so has now expired.

     On March 12, 2008, the Court entered an Opinion and Order (Doc. #118) denying defendant's Motion for Relief Pursuant to 18 U.S.C. § 3582(c)(2) in Conjunction with U.S.S.G. § 1B1.10 & Amendment § 2D1.1(c) for Reduction of Sentence Based on Guideline Amendment Effective March 3, 2008 Due to Change of Base Offense Level (Doc. #117). Under FED. R. APP. P. 4(b)(1)(A), the Notice of Appeal must have been filed within 10 days of the March 12, 2008, Opinion and Order (Doc. #118), or on or before March 26, 2008. Defendant's Notice of Appeal (Doc. #119) was filed with the Court

on April 7, 2008, bearing a date of April 1, 2008, and was placed in the prison mail system for delivery on or about April 2, 2008 based on the envelope.

The Eleventh Circuit Court of Appeals found the Notice of Appeal was untimely but remanded to determine whether the delayed filing was the result of good cause or excusable neglect. Under FED. R. APP. P. 4(b)(4), the Court may, upon a finding of excusable neglect or good cause, extend the time to file a notice of appeal for a period not exceed 30 after the expiration of the time prescribed in FED. R. APP. P. 4(b)(1)(A). "First, the district court should examine the pre-mailing delay to see if there is something akin to "excusable neglect" or "good cause" which excuses the delay. Second, the district court should determine when the document was mailed and whether, in the ordinary course of events, the clerk would have received the letter by the applicable filing deadline." Wright v. Deyton, 757 F.2d 1253, 1255-56 (11th Cir. 1985).

In this case, even if the Court considers the most favorable date of April 1, 2008[1], defendant has not provided any enlightenment regarding the delay between March 26, 2008 and April 1, 2008, and there is no record that the Opinion and Order (Doc.

---

[1]"A pro se prisoner's notice of appeal is considered to be filed on the date that the prisoner delivers the notice to prison authorities for mailing." Adams v. United States, 173 F.3d 1339, 13341 (11th Cir. 1999)(citing Houston v. Lack, 487 U.S. 266, 275 (1988)); FED. R. APP. P. 4(c).

#118) was not received by defendant or that defendant was unable to post the Notice for delivery prior to March 26, 2008. The Court finds no demonstration of good cause or excusable neglect.

Accordingly, it is now

**ORDERED**:

The Clerk shall return the record as supplemented with a certified copy of this Opinion and Order to the Eleventh Circuit Court of Appeals for further proceedings.

**DONE AND ORDERED** at Fort Myers, Florida, this __23rd__ day of July, 2008.

_____
JOHN E. STEELE
United States District Judge

Copies:
USCA
Parties of Record